IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DIANE JONES**                                                                                  **PLAINTIFF**
**ADC #706096**

v.                         No: 1:17-cv-00030 BSM-PSH

**CHERYL CHAPMAN,** *et al.*                                                      **DEFENDANTS**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

#### I. Introduction

Plaintiff Diane Jones filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants Cheryl Chapman and Stephanie Lachance were deliberately indifferent to her mental health needs and failed to protect her and others from herself (Doc. No. 2).

Defendants filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Jones had not exhausted claims against them before she filed this lawsuit (Doc. Nos. 14-16). In support of their motion for summary judgment, Defendants submitted: a declaration of Inmate Grievance Coordinator Terry Brown Grigsby and a copy of the Arkansas Department of Correction's grievance policy (Doc. Nos. 14-1 & 14-2).

Jones did not file a response to the Defendants' motion. Because Jones failed to controvert the facts set forth in Defendants' statement of undisputed facts, Doc. No. 16, those facts are deemed admitted. *See* Local Rule 56.1(c). The Defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that Defendants are entitled to summary judgment as a matter of law.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations

omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". FED. R. CIV. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Undisputed Facts

1. Jones is an inmate incarcerated in the McPherson Unit of the Arkansas Department of Correction (ADC) located in Newport, Arkansas. Doc. No. 2.

2. Jones filed this *pro se* lawsuit on April 27, 2017, alleging that the defendants were deliberately indifferent to her mental health needs by failing to protect her or others from herself during an incident occurring on April 9, 2017. *Id.*

3. The defendants are employed by the ADC and are assigned to the McPherson Unit. *Id.*

3

4.  Since April 2014, Administrative Directive (AD) 14-16 has been in effect. AD 14-16, the Inmate Grievance Procedure policy, is the "administrative mechanism for the resolution of complaints and identification of problem areas" within the ADC. Doc. No. 14-2 at 1.

5.  Terri Brown Grigsby is the ADC's Inmate Grievance Supervisor. Her duties include responding to non-medical inmate grievance appeals. Doc. No. 14-1.

6.  Grigsby reviewed Jones' grievance appeal file. Her review revealed that, between April 2017, when the alleged incident occurred, and May 31, 2017, the date Jones filed an amended complaint, Jones did not file or fully exhaust a single grievance naming Chapman, Lachance, or both, regarding her claims in this lawsuit or any other constitutional violation. *Id.*

7.  Jones attached to her initial complaint a grievance dated April 9, 2017, complaining that she was awakened by anger and mental issues, that she complained to defendants, and that defendant Chapman failed to protect her. Doc. No. 2 at 6. There is no evidence Jones proceeded to Step Two or appealed this grievance.

## IV. Analysis

Defendants correctly assert that they are entitled to summary judgment because Jones failed to exhaust her administrative remedies before she filed this lawsuit.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's

exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

Pursuant to the ADC's grievance policy (AD 14-16), inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 14-2 at 4. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 5. Inmates are to "specifically name each individual involved for a proper investigation and response to be completed by the ADC." *Id*. at 4. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 5-6. A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id*. If the inmate is not satisfied with the resolution, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id.* at 8. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the appropriate Chief Deputy/Deputy/Assistant Director. *Id.* at 10-11. Once that person responds, the grievance process is exhausted. *Id.* at 12. According to the ADC's grievance policy, the entire grievance procedure should be

completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 13. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 17.

According to Grigsby's declaration, Jones did not fully exhaust a grievance naming Defendants that pertained to the claims in the present lawsuit before filing this lawsuit on April 27, 2017. Although Jones submitted a grievance complaining of the issues raised in her complaint on April 9, 2017, there is no evidence she proceeded to Step Two or completed the appeal process which is required to exhaust a grievance. Jones has therefore not exhausted her administrative remedies with respect to the claims raised in this lawsuit, and Defendants are entitled to summary judgment.

## V. Conclusion

Jones did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, Defendants should be awarded summary judgment and Jones' claims against them should be dismissed without prejudice. It is further recommended that the Court certify that an *in forma pauperis* appeal taken from the order adopting this recommendation and accompanying judgment is considered frivolous and not in good faith.

DATED this 3rd day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE